KEITH A. WEAVER
Nevada Bar No. 10271
Keith.Weaver@lewisbrisbois.com
BRAD J. SHIPLEY
Nevada Bar No. 12639
Brad.Shipley@lewisbrisbois.com
PRANAVA B. MOODY
Nevada Bar No. 16590
Pranava.Moody@lewisbrisbois.com
LEWIS BRISBOIS BISGAARD & SMITH LLP
6385 S. Rainbow Boulevard, Suite 600
Las Vegas, Nevada 89118
Telephone: 702.893.3383
Facsimile: 702.893.3789
*Attorneys for Defendant Dignity Health*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JADE RILEY BURCH,<br><br>Plaintiff, *Pro Se*<br><br>vs.<br><br>DIGNITY HEALTH d/b/a ST. ROSE DOMINICAN HOSPITAL-SIENA CAMPUS,<br><br>Defendants. | Case No. 2:26-CV-03474-APG-BNW<br><br>Dept. No.:<br><br>**DEFENDANT DIGNITY HEALTH D/B/A ST. ROSE DOMINICAN HOSPITAL-SIENA CAMPUS' MOTION TO DISMISS COMPLAINT**<br><br>**HEARING REQUESTED** |

Defendant Dignity Health d/b/a St. Rose Dominican Hospital, Siena Campus ("Dignity Health"), by and through its undersigned counsel and pursuant to Federal Rules of Civil Procedure 8(a), 12(b)(1), and 12(b)(6), hereby moves to dismiss Plaintiff Jade Riley Burch's Complaint. This Motion is based upon the following Memorandum of Points and

/ / /

/ / /

/ / /

/ / /

/ / /

Authorities, the pleadings and papers on file, matters subject to judicial notice, and such oral argument as may be permitted by the Court.

DATED this 18th day of November, 2026

LEWIS BRISBOIS BISGAARD & SMITH LLP

By /s/ *Pranava B. Moody*

KEITH A. WEAVER
Nevada Bar No. 10271
BRAD J. SHIPLEY
Nevada Bar No. 12639
PRANAVA B. MOODY
Nevada Bar No. 16590
6385 S. Rainbow Boulevard, Suite 600
Las Vegas, Nevada 89118
*Attorneys for Defendant Dignity Health*

## MEMORANDUM POINTS AND AUTHORITIES

### I. INTRODUCTION

Plaintiff's Complaint arises from a brief hospitalization that occurred between July 22 and July 24, 2026, after Plaintiff presented to Dignity Health for evaluation following reported suicidal ideation. During that encounter, Plaintiff alleges she sought psychiatric admission, underwent evaluation, received medication, was placed on observation and suicide precautions, and was ultimately discharged after medical and psychiatric assessment.

Rather than pleading a straightforward dispute concerning healthcare treatment and patient-management decisions, Plaintiff attempts to transform virtually every aspect of her hospital encounter into a separate cause of action. The Complaint asserts twelve claims ranging from negligence and intentional torts to disability discrimination, sex discrimination, retaliation, statutory abuse, declaratory relief, and injunctive relief. Yet despite its length, the Complaint does not allege facts plausibly establishing entitlement to relief under any of these theories.

At its core, the Complaint challenges decisions involving patient observation, psychiatric evaluation, medication administration, visitor restrictions, safety precautions, discharge planning, and documentation within the medical record. These allegations concern healthcare judgment and patient management. Plaintiff cannot avoid the legal standards governing such claims by recasting them as intentional torts, statutory violations, or federal civil-rights claims.

The Complaint is further deficient because it repeatedly relies upon speculation, conclusory assertions, and assumptions regarding facts Plaintiff admits are presently unknown. Numerous allegations are pleaded "upon information and belief," while others expressly acknowledge that Plaintiff does not know who engaged in the alleged conduct, when it occurred, why it occurred, or whether it was the result of human action or automated processes. Such allegations fail to satisfy the pleading requirements established by Rule 8 and controlling Supreme Court precedent.

The federal claims are independently deficient because the Complaint does not plausibly allege that Dignity Health discriminated against Plaintiff because of a disability, excluded her from participation in any healthcare program, denied her equal access to treatment, discriminated against her because of sex, or retaliated against her for engaging in protected conduct. Instead, the allegations repeatedly identify reported suicidal ideation, patient-safety concerns, psychiatric evaluation, and medical decision-making as the reasons underlying the challenged conduct.

The Complaint's requests for declaratory and injunctive relief fail for an additional reason. Plaintiff alleges only a completed hospitalization and speculative future interactions that may never occur. Such allegations do not establish the real and immediate threat of future injury required by Article III of the United States Constitution.

For these reasons, the Complaint should be dismissed in its entirety. Alternatively, the Court should dismiss all federal claims with prejudice and decline supplemental jurisdiction over any remaining state-law claims..

## II. LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." Mere labels, conclusions, and formulaic recitations of the elements of a cause of action do not suffice. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-70 (2007). A complaint must contain factual allegations sufficient to permit the Court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). Legal conclusions masquerading as factual allegations are not entitled to an assumption of truth. *Id*.

Federal Rule of Civil Procedure 8 further requires a short and plain statement showing that the pleader is entitled to relief. The rule exists to provide defendants with fair notice of the claims asserted and the factual basis for those claims. Where allegations are conclusory, speculative, or dependent upon facts that remain unknown, dismissal is appropriate.

In addition, a plaintiff seeking prospective declaratory or injunctive relief must establish Article III standing by demonstrating a real and immediate threat of future injury. Allegations concerning past conduct alone do not confer standing to obtain forward-looking relief.

## III. ARGUMENT

### A. THE COMPLAINT IMPROPERLY ATTEMPTS TO CONVERT MEDICAL AND PSYCHIATRIC DECISION-MAKING INTO TORT AND CIVIL-RIGHTS CLAIMS.

Although the Complaint uses a variety of legal labels, the allegations arise from a common nucleus of facts involving patient monitoring, psychiatric assessment, suicide precautions, medication administration, visitor restrictions, discharge planning, and related healthcare decisions. Plaintiff repeatedly challenges the manner in which Dignity Health personnel evaluated her condition, determined the appropriate level of observation, administered medication, managed safety concerns, and coordinated psychiatric care.

These allegations concern professional healthcare judgments rather than conduct ordinarily associated with intentional torts, discrimination, retaliation, or statutory abuse. Courts routinely reject efforts to transform disputes regarding medical treatment into generalized tort or civil-rights claims merely because a plaintiff disagrees with the decisions made during treatment. The substance of Plaintiff's allegations controls, not the labels attached to her causes of action.

The Court should therefore evaluate each claim in light of the actual conduct challenged by Plaintiff rather than the legal conclusions asserted throughout the Complaint.

### B. PLAINTIFF FAILS TO STATE A PLAUSIBLE CLAIM BASED UPON THE ALLEGED HANDLING OF HER ADVANCE DIRECTIVE.

Count I is based upon allegations concerning Plaintiff's healthcare power of attorney and alleged psychiatric advance directive. However, the Complaint fails to identify any Nevada statute that creates a private damages remedy arising from the conduct alleged. Plaintiff instead attempts to use statutory provisions governing advance directives as the basis for an ordinary negligence claim without identifying authority recognizing such a

cause of action.

The Complaint likewise fails to plausibly allege causation. Plaintiff acknowledges that the directive was eventually scanned into the medical record and further acknowledges that the timing of receipt, scanning, indexing, routing, and accessibility remains unknown. Plaintiff repeatedly alleges that those facts are within Dignity Health's possession and not presently known to her. Such allegations do not plausibly establish that any specific failure attributable to Dignity Health caused a legally cognizable injury.

The claim is further undermined by Plaintiff's repeated allegations that she remained competent throughout the hospitalization. To the extent Plaintiff relies upon statutory provisions involving the authority of a designated healthcare agent or the operation of a directive during incapacity, the Complaint fails to allege facts establishing the necessary statutory predicates.

Because Count I fails to adequately plead duty, breach, causation, damages, or entitlement to declaratory relief, it should be dismissed.

### C. PLAINTIFF FAILS TO PLEAD FACTS ESTABLISHING ASSAULT, BATTERY, OR FALSE IMPRISONMENT.

Plaintiff's intentional-tort claims are likewise deficient. With respect to battery, Plaintiff alleges that lorazepam was administered during her hospitalization but fails to plead facts demonstrating intentional harmful or offensive contact by Dignity Health. The Complaint does not plausibly allege circumstances establishing lack of consent, intent to cause harmful contact, or facts supporting institutional liability for an intentional tort.

The assault claim suffers from similar deficiencies. Plaintiff principally relies upon alleged statements concerning the removal of a monitoring device. Yet the Complaint acknowledges that the anticipated conduct never occurred and that the device was ultimately removed without the threatened action being carried out. These allegations do not plausibly establish intentional conduct creating a reasonable apprehension of imminent harmful or offensive bodily contact.

The false-imprisonment claim fails because Plaintiff admits that she voluntarily

presented for evaluation following reported suicidal ideation and sought psychiatric admission. Significantly, the Complaint does not allege that Plaintiff attempted to leave the Hospital and was physically prevented from doing so. Rather, Plaintiff alleges she believed doing so would have been futile. Such allegations are insufficient to establish unlawful confinement or restraint as required under Nevada law. Accordingly, Counts II and III should be dismissed.

**D. PLAINTIFF'S NEGLIGENCE-PER-SE, VULNERABLE-PERSON, AND NEGLIGENT-SUPERVISION CLAIMS FAIL AS A MATTER OF LAW.**

Plaintiff's remaining state-law theories are similarly deficient. Count IV identifies a collection of statutes and regulations but fails to explain how each provision establishes a standard of care, how Dignity Health allegedly violated that standard, and how any specific violation caused a distinct injury. The mere citation of statutory provisions does not satisfy the elements of negligence per se.

Count VI fares no better. The Complaint does not plausibly allege that Dignity Health willfully and unjustifiably inflicted pain, suffering, abuse, neglect, or exploitation as contemplated by NRS 41.1395. Instead, the allegations concern treatment decisions, psychiatric evaluation, patient monitoring, medication management, and discharge planning. Such allegations do not establish statutory abuse or neglect.

Count VII likewise relies almost entirely on conclusory assertions regarding training and supervision. Plaintiff does not identify any specific employee who was inadequately trained, describe the alleged deficiency, explain how Dignity Health knew or should have known of the problem, or allege facts connecting any training deficiency to a specific injury. Such allegations fall well short of the requirements necessary to state a negligent-supervision claim. Counts IV, VI, and VII should therefore be dismissed.

**E. PLAINTIFF'S FEDERAL DISCRIMINATION CLAIMS FAIL BECAUSE SHE DOES NOT PLAUSIBLY ALLEGE DISCRIMINATION BASED ON DISABILITY OR SEX.**

Counts VIII, IX, and X assert claims under Title III of the Americans with Disabilities Act, Section 504 of the Rehabilitation Act, and Section 1557 of the Affordable Care Act.

Despite the labels attached to these claims, the Complaint does not plausibly allege that Dignity Health denied Plaintiff access to healthcare services because of disability or sex.

To the contrary, Plaintiff alleges that she received emergency medical care, psychiatric evaluation, observation, medication administration, behavioral-health assessment, discharge planning, and related healthcare services. These allegations establish that Plaintiff received the very services she contends were denied.

The Complaint repeatedly attributes the challenged actions to reported suicidal ideation, patient-safety concerns, psychiatric evaluation, seizure activity, and clinical judgment. Those allegations undermine Plaintiff's conclusory assertion that the challenged conduct occurred because of disability. Neither the ADA nor the Rehabilitation Act converts disputes regarding medical judgment into federal discrimination claims.

Plaintiff's sex-discrimination allegations are equally deficient. The Complaint alleges that a sex-designation field within the medical record changed during the hospitalization but expressly acknowledges that Plaintiff does not know who made the change, why the change occurred, or whether it resulted from an automated process. Such allegations do not plausibly support an inference of intentional discrimination. At most, the Complaint alleges a disputed documentation issue.

Because the Complaint fails to plausibly allege discriminatory intent, exclusion from healthcare services, denial of benefits, or discriminatory treatment, Counts VIII, IX, and X should be dismissed.

### F. PLAINTIFF FAILS TO STATE A CLAIM FOR RETALIATION, COERCION, OR INTERFERENCE.

Plaintiff's retaliation claims are no more viable than her discrimination claims. The Complaint fails to plausibly allege that Dignity Health took adverse action because Plaintiff engaged in protected conduct or exercised a federally protected right. Many of the actions challenged by Plaintiff occurred upon or shortly after her arrival and before the conduct upon which her retaliation theories rely.

Nor does the Complaint plausibly allege coercion, intimidation, threats, or

LEWIS BRISBOIS BISGAARD & SMITH LLP
ATTORNEYS AT LAW

interference prohibited by federal law. The allegations instead concern patient monitoring, treatment decisions, visitor restrictions, and safety measures undertaken during a behavioral-health assessment. Plaintiff's disagreement with those decisions does not transform them into actionable retaliation. Accordingly, Counts XI and XII should be dismissed.

### G. PLAINTIFF LACKS ARTICLE III STANDING TO SEEK DECLARATORY AND INJUNCTIVE RELIEF.

Plaintiff seeks extensive declaratory and injunctive relief regulating future conduct by Dignity Health. However, Plaintiff alleges only a completed hospitalization that occurred in July 2026. She does not allege a scheduled future encounter, an imminent need for treatment at Dignity Health, or facts establishing a substantial likelihood that she will again experience the same circumstances.

Instead, Plaintiff speculates that she may require future medical care and may someday encounter similar treatment. Such allegations depend upon a series of uncertain future events and do not establish the real and immediate threat of future injury required by Article III.

Because Plaintiff lacks standing to pursue prospective relief, all requests for declaratory and injunctive relief should be dismissed.

### H. THE COURT SHOULD DECLINE SUPPLEMENTAL JURISDICTION OVER ANY REMAINING STATE-LAW CLAIMS.

If the Court dismisses Plaintiff's federal claims, the only remaining causes of action will arise under Nevada common law and Nevada statutes. Under 28 U.S.C. § 1367(c)(3), a federal court may decline supplemental jurisdiction once all claims conferring original federal jurisdiction have been dismissed.

The remaining claims involve Nevada healthcare statutes, tort law, and issues of state-law interpretation more appropriately resolved by Nevada courts. Accordingly, should the Court dismiss the federal causes of action, it should decline supplemental jurisdiction over the remaining state-law claims and dismiss them without prejudice.

/ / /

## IV. CONCLUSION

For the foregoing reasons, Defendant Dignity Health respectfully requests that the Court dismiss Plaintiff's Complaint in its entirety. In the alternative, Dignity Health requests that the Court dismiss Counts VIII through XII with prejudice, dismiss Plaintiff's requests for declaratory and injunctive relief for lack of standing, decline supplemental jurisdiction over any remaining state-law claims pursuant to 28 U.S.C. § 1367(c), and grant such other and further relief as the Court deems just and proper.

DATED this 18th day of November, 2026

LEWIS BRISBOIS BISGAARD & SMITH LLP

By /s/ *Pranava B. Moody*
KEITH A. WEAVER
Nevada Bar No. 10271
BRAD J. SHIPLEY
Nevada Bar No. 12639
PRANAVA B. MOODY
Nevada Bar No. 16590
6385 S. Rainbow Boulevard, Suite 600
Las Vegas, Nevada 89118
*Attorneys for Defendant Dignity Health*

//
//
//
//
//
//
//
//
//
//

//

CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of November 2026, a true and correct copy of **DEFENDANT DIGNITY HEALTH D/B/A ST. ROSE DOMINICAN HOSPITAL-SIENA CAMPUS' MOTION TO DISMISS COMPLAINT** was served by electronically filing via CM/ECF E-Filing system and serving all parties with an email-address on record, who have agreed to receive electronic service in this action.

By /s/ *Gaylene Kim-Mistrille*
an Employee of
LEWIS BRISBOIS BISGAARD & SMITH LLP

LEWIS BRISBOIS BISGAARD & SMITH LLP
ATTORNEYS AT LAW