KEITH A. WEAVER
Nevada Bar No. 10271
Keith.Weaver@lewisbrisbois.com
BRAD J. SHIPLEY
Nevada Bar No. 12639
Brad.Shipley@lewisbrisbois.com
PRANAVA B. MOODY
Nevada Bar No. 16590
Pranava.Moody@lewisbrisbois.com
LEWIS BRISBOIS BISGAARD & SMITH LLP
6385 S. Rainbow Boulevard, Suite 600
Las Vegas, Nevada 89118
Telephone: 702.893.3383
Facsimile: 702.893.3789

Attorneys for Defendant DIGNITY HEALTH

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JADE RILEY BURCH,<br><br>Plaintiff, *Pro Se*<br><br>vs.<br><br>DIGNITY HEALTH d/b/a ST. ROSE DOMINICAN HOSPITAL-SIENA CAMPUS,<br><br>Defendants. | Case No. 2:26-CV-03474-APG-BNW<br><br>Dept. No.:<br><br>**DEFENDANT DIGNITY HEALTH D/B/A ST. ROSE DOMINICAN HOSPITAL-SIENA CAMPUS' REPLY IN SUPPORT OF MOTION TO DISMISS COMPLAINT** |

Defendant DIGNITY HEALTH d/b/a ST. ROSE DOMINICAN HOSPITAL, SIENA CAMPUS ("Dignity Health"), by and through its counsel of record, Keith A. Weaver, Esq. and Pranava B. Moody, Esq. of the law firm LEWIS BRISBOIS BISGAARD & SMITH LLP, hereby files this Reply in Support of its Motion to Dismiss Plaintiff's Complaint to address arguments made in Plaintiff's Opposition..

/ / /

/ / /

/ / /

/ / /

This Reply is made based on the following Memorandum of Points and Authorities, the pleadings and papers already on file herein, and any oral argument that may be made at the time of the hearing on this matter.

DATED this 25th day of November, 2026

LEWIS BRISBOIS BISGAARD & SMITH LLP

By /s/ *Pranava B. Moody*

KEITH A. WEAVER
Nevada Bar No. 10271
BRAD J. SHIPLEY
Nevada Bar No. 12639
PRANAVA B. MOODY
Nevada Bar No. 16590
6385 S. Rainbow Boulevard, Suite 600
Las Vegas, Nevada 89118
*Attorneys for Defendant Dignity Health*

## MEMORANDUM POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff's Opposition confirms the central defect underlying every claim asserted in the Complaint: each cause of action arises from healthcare rendered during a single hospital encounter involving reported suicidal ideation, psychiatric assessment, patient-safety precautions, medication administration, observation, and discharge planning. Plaintiff does not allege conduct occurring outside the provision of healthcare. Rather, she disagrees with how DIGNITY HEALTH personnel evaluated her condition, implemented safety measures, responded to her requests, administered treatment, and ultimately discharged her.

Rather than pleading facts establishing plausible entitlement to relief, Plaintiff asks the Court to infer wrongdoing from disputed clinical judgments, alleged administrative shortcomings, and information she anticipates obtaining in discovery. Rule 8 does not permit a litigant to proceed on speculation. A complaint must contain sufficient factual matter to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

The Opposition does not cure the deficiencies identified in Dignity Health's Motion. Instead, it confirms that Plaintiff seeks to repackage disagreements regarding treatment decisions, patient monitoring, hospital operations, and safety precautions into twelve distinct tort and statutory causes of action. Because the Complaint fails to plausibly state any claim for relief, dismissal remains warranted.

## II. ARGUMENT

### A. Plaintiff Cannot Avoid Dismissal by Recasting Healthcare Decisions as Administrative Conduct.

Plaintiff's primary response is that many of the challenged actions were "administrative" rather than healthcare-related. The distinction is unavailing. Nevada courts evaluate the nature of the challenged conduct itself, not the labels attached to it. *Limprasert v. PAM Specialty Hosp. of Las Vegas LLC*, 140 Nev. 418, 550 P.3d 825, 829-31 (2024).

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

Likewise, Nevada courts examine the gravamen of a claim to determine whether the allegations arise from the provision of healthcare services. Plaintiff therefore cannot convert treatment-related conduct into ordinary administrative activity merely by recharacterizing it as such.

Every challenged act occurred during Plaintiff's hospitalization and arose directly from Dignity Health's provision of care. Plaintiff challenges decisions concerning psychiatric precautions, observation status, medication administration, access to communication tools, retention of personal devices, interactions with third parties, discharge planning, and responses to accommodation requests. Evaluation of those actions necessarily requires consideration of Plaintiff's condition, reported symptoms, safety risks, treatment orders, and the professional judgment exercised by healthcare personnel.

Plaintiff's reliance on *DeBoer v. Senior Bridges of Sparks Family Hosp., Inc.*, 128 Nev. 406, 282 P.3d 727 (2012), and *Szymborski v. Spring Mountain Treatment Ctr.*, 133 Nev. 638, 403 P.3d 1280 (2017), does not alter that conclusion. Neither case stands for the proposition that disputes involving hospital records, communications, discharge procedures, or patient monitoring automatically fall outside the provision of healthcare. The substance of the allegations confirms that all challenged conduct arose directly from Dignity Health's treatment of Plaintiff.

**B. Plaintiff Fails to Plausibly Allege Ordinary Negligence.**

The Opposition likewise fails to establish a viable negligence claim. Although Plaintiff cites various statutes and regulations as sources of duty, she must still plausibly allege duty, breach, causation, and damages.

Plaintiff acknowledges that her advance directive was scanned into her medical record. Her dispute concerns when the document became electronically available and whether particular providers reviewed it. Those allegations do not plausibly establish negligence. Plaintiff pleads no facts demonstrating that any alleged delay in processing, routing, or reviewing the document caused a specific injury or altered her care.

Moreover, negligence requires factual allegations demonstrating actual causation rather than theoretical possibilities. *Taylor v. Silva*, 96 Nev. 738, 742, 615 P.2d 970, 972 (1980). Plaintiff's theory depends entirely upon speculation concerning what providers allegedly would have done had records been processed differently. Plaintiff also advances inconsistent theories regarding decisional capacity. She alleges she remained competent throughout the encounter while simultaneously asserting rights that purportedly depended upon activation of her advance directive. Although alternative pleading is permissible, it does not excuse Plaintiff's failure to plausibly allege causation or injury.

Plaintiff's negligence claim rests on a series of hypothetical inferences rather than well-pleaded facts. The Complaint does not allege facts plausibly showing that any purported delay, omission, or records-processing issue altered Plaintiff's treatment or caused her alleged injuries. Because Plaintiff's theory depends on speculation regarding what might have occurred under different circumstances, it falls short of the pleading standard established by *Twombly* and *Iqbal*. See *Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 679.

**C. The Battery and Assault Claims Remain Deficient.**

Plaintiff's battery claim is predicated on allegations that intravenous lorazepam was administered over her objections. Nevada law requires intentional and unauthorized touching to establish battery. *Humboldt Gen. Hosp. v. Sixth Jud. Dist. Ct.*, 132 Nev. 544, 376 P.3d 167, 171-72 (2016).

Plaintiff's own allegations establish that the medication was administered pursuant to a physician order authorizing intravenous lorazepam as needed. At most, Plaintiff disputes whether administration of the medication was clinically warranted. Such allegations challenge treatment decisions and medical judgment. They do not plausibly establish intentional harmful or offensive contact outside the provision of healthcare.

Moreover, Plaintiff's assault claim fares no better. An assault requires an unlawful attempt coupled with a present ability to commit a violent injury. *Yada v. Simpson*, 112 Nev. 1015, 1022, 925 P.2d 315, 320 (1996). Plaintiff alleges only that staff stated a locking

LEWIS BRISBOIS BISGAARD & SMITH LLP ATTORNEYS AT LAW

device might need to be removed if a key could not be located. Plaintiff concedes the key was ultimately produced and the threatened conduct never occurred. These allegations do not plausibly establish assault.

**D. Count V Fails to State a Claim for Intentional Infliction of Emotional Distress.**

Count V independently fails as a matter of law. To state a claim for intentional infliction of emotional distress, a plaintiff must allege extreme and outrageous conduct, intent or reckless disregard, causation, and severe emotional distress. *Miller v. Jones*, 114 Nev. 1291, 970 P.2d 571, 577 (1998). Nevada courts reserve liability for conduct that exceeds all possible bounds of decency and is regarded as utterly intolerable in a civilized community. *Maduike v. Agency Rent-A-Car*, 114 Nev. 1, 953 P.2d 24, 26 (1998); *Star v. Rabello*, 97 Nev. 124, 625 P.2d 90, 91-92 (1981).

Here, the conduct underlying Plaintiff's emotional-distress claim consists of treatment decisions, patient monitoring, safety precautions, communications with medical personnel, record-management issues, and discharge planning. Even accepting those allegations as true, they do not plausibly qualify as outrageous conduct under Nevada law.

Plaintiff's disagreement with how hospital personnel managed her care does not transform ordinary healthcare-related conduct into intentional infliction of emotional distress.

**E. Plaintiff Does Not Plausibly Allege False Imprisonment.**

Plaintiff voluntarily presented to the hospital and twice requested psychiatric admission. Nevertheless, she contends references to a legal hold and the notation "L2K" establish false imprisonment, they do not, false imprisonment requires an unlawful restraint of an individual's freedom of movement. *Hernandez v. City of Reno*, 97 Nev. 429, 634 P.2d 668, 671 (1981). The Complaint does not allege that Plaintiff attempted to leave and was prevented from doing so. Nor does it plausibly allege facts demonstrating that Dignity Health intended to unlawfully confine her against her will.

Instead, the allegations describe patient monitoring and safety measures implemented during an ongoing evaluation prompted by reported mental-health concerns.

The facts alleged are far more consistent with observation and risk-management protocols than intentional confinement.

**F. Counts IV, VI, and VII Remain Legally Deficient.**

Plaintiff's negligence per se claim merely repackages allegations underlying her other causes of action. Even where a statute establishes a standard of conduct, Plaintiff must still plausibly allege membership in the protected class, causation, and resulting injury. *Ashwood v. Clark County*, 113 Nev. 80, 930 P.2d 740, 743-44 (1997). Negligence per se is not an independent claim that relieves Plaintiff of those pleading obligations.

Plaintiff's vulnerable-person claim similarly fails. The claim is based upon alleged monitoring restrictions, communications with her designated agent, removal of personal items, hydration-related concerns, and discharge issues. Accepting those allegations as true, they do not plausibly establish abuse, neglect, exploitation, or willful deprivation under NRS 41.1395.

Plaintiff's negligent training and supervision claim is equally deficient. Nevada law requires facts showing the employer knew or should have known of an employee's dangerous propensities or unfitness. *Hall v. SSF, Inc.*, 112 Nev. 1384, 930 P.2d 94, 98-99 (1996); *Burnett v. C.B.A. Sec. Servs., Inc.*, 107 Nev. 787, 820 P.2d 750, 752 (1991). Plaintiff identifies no employee whom Dignity Health allegedly knew was unfit and pleads no facts supporting such an inference.

**G. Plaintiff Fails to Plausibly Allege Disability Discrimination.**

Plaintiff does not allege she was denied access to hospital services. To the contrary, she acknowledges that Dignity Health evaluated, treated, monitored, and discharged her. To state a claim under Title III, Plaintiff must plausibly allege denial of full and equal enjoyment of a public accommodation because of disability. *Arizona ex rel. Goddard v. Harkins Amusement Enters., Inc.*, 603 F.3d 666, 670 (9th Cir. 2010).

The dispute instead concerns Plaintiff's preferred accommodations during hospitalization, including requests involving a GPS device, communication tools, continuous access to her designated agent, medication notifications, and continuation of a

hydration protocol.

Whether those requests could safely be accommodated necessarily depended upon individualized assessments concerning patient safety, treatment goals, and hospital operations. The ADA does not require accommodations that fundamentally alter services or compromise legitimate safety requirements. *PGA Tour, Inc. v. Martin*, 532 U.S. 661, 682-83 (2001); *Fortyune v. Am. Multi-Cinema, Inc.*, 364 F.3d 1075, 1083-86 (9th Cir. 2004).

Nor does Plaintiff plausibly allege intentional discrimination based upon an alleged change to a sex-designation field. Plaintiff admits she does not know who made the change, how it occurred, or whether it resulted from user action, automated processing, clerical error, or another non-discriminatory cause. Allegations merely consistent with liability do not satisfy the plausibility standard. *Iqbal*, 556 U.S. at 678.

**H. The Retaliation and Interference Claims Fail.**

Plaintiff principally relies on 42 U.S.C. § 12203(b), alleging retaliation and interference. ADA retaliation claims require factual allegations plausibly showing a causal connection between protected activity and the challenged conduct. *T.B. ex rel. Brenneise v. San Diego Unified Sch. Dist.*, 806 F.3d 451, 473 (9th Cir. 2015).

Plaintiff alleges she presented documents at admission, objected to treatment decisions, requested accommodations, sought involvement of her designated agent, and requested communications with legal counsel and Risk Management. The challenged conduct occurred during the course of treatment and patient monitoring. Temporal sequence alone is insufficient to establish retaliation. The Complaint includes no facts supporting a plausible inference that Dignity Health acted because Plaintiff exercised protected rights.

The same deficiency defeats Plaintiff's interference claim. Allegations of disagreement, inconvenience, or adverse treatment do not establish coercion, intimidation, threats, or interference absent facts supporting discriminatory motive. *Brown v. City of Tucson*, 336 F.3d 1181, 1191-92 (9th Cir. 2003).

/ / /

**I. Plaintiff Lacks Standing to Pursue Prospective Injunctive Relief.**

Plaintiff's request for prospective relief is based entirely upon speculation concerning future events. To obtain injunctive relief, a plaintiff must establish a real and immediate threat of future injury. *City of Los Angeles v. Lyons*, 461 U.S. 95, 105-06 (1983). "Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief." *O'Shea v. Littleton*, 414 U.S. 488, 495-96 (1974).

Even under the ADA, a plaintiff must plausibly allege a likelihood of future injury. *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 946-50 (9th Cir. 2011) (en banc). Plaintiff's allegations concerning potential future hospitalizations depend upon a chain of uncertain contingencies. She does not plausibly allege that she faces a real and immediate threat of experiencing the same circumstances, personnel interactions, treatment decisions, and accommodation disputes alleged in the Complaint.

**J. The Court Should Decline Supplemental Jurisdiction Over Any Remaining State-Law Claims.**

If the Court dismisses Plaintiff's federal claims, it should decline to exercise supplemental jurisdiction over the remaining state-law claims pursuant to 28 U.S.C. § 1367(c)(3).

Plaintiff's assertion that all claims arise from a common hospitalization does not require retention of jurisdiction after dismissal of all claims falling within the Court's original jurisdiction. Under such circumstances, declining supplemental jurisdiction is appropriate.

**K. Dismissal With Prejudice Is Appropriate.**

Plaintiff alternatively requests leave to amend. However, she identifies no additional facts capable of curing the deficiencies discussed above. Leave to amend may properly be denied where amendment would be futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Carrico v. City & County of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011).

Indeed, Plaintiff's Opposition demonstrates that she has already presented the factual narrative on which her claims depend. The problem is not a lack of detail. Rather, it is the absence of facts sufficient to plausibly establish the required elements of the asserted

causes of action.

Where a plaintiff's own allegations reveal that the asserted legal theories are legally deficient, dismissal with prejudice is appropriate. *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1298 (9th Cir. 1998). Because Plaintiff identifies no additional allegations that would cure the defects identified in Dignity Health's Motion, dismissal with prejudice is warranted.

## III. CONCLUSION

For the foregoing reasons, Defendant Dignity Health respectfully requests that the Court grant its Motion to Dismiss in its entirety. The Court should dismiss Plaintiff's federal claims with prejudice and decline supplemental jurisdiction over the remaining state-law claims. Alternatively, the Court should dismiss each deficient cause of action for the reasons set forth in Dignity Health's Motion and this Reply.

DATED this 25RD day of November, 2026

LEWIS BRISBOIS BISGAARD & SMITH LLP

By /s/ *Pranava B. Moody*

KEITH A. WEAVER
Nevada Bar No. 10271
BRAD J. SHIPLEY
Nevada Bar No. 12639
PRANAVA B. MOODY
Nevada Bar No. 16590
6385 S. Rainbow Boulevard, Suite 600
Las Vegas, Nevada 89118

Attorneys for Defendant DIGNITY HEALTH

CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of November, 2026, a true and correct copy of **DEFENDANT DIGNITY HEALTH D/B/A ST. ROSE DOMINICAN HOSPITAL-SIENA CAMPUS' REPLY IN SUPPORT OF MOTION TO DISMISS COMPLAINT** was served by electronically filing via CM/ECF E-Filing system and serving all parties with an email-address on record, who have agreed to receive electronic service in this action.

By /s/ *Gaylene Kim-Mistrille*
an Employee of
LEWIS BRISBOIS BISGAARD & SMITH LLP